IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PEARL L. JOHNSON                                                                       PLAINTIFF

VS.                                              CIVIL ACTION NO 3:07CV621 DPJ-JCS

DR. EARL WATKINS, IN HIS CAPACITY AS
SUPERINTENDENT OF JACKSON PUBLIC SCHOOLS
DISTRICT                                                            DEFENDANT

## ORDER

This employment retaliation claim is before the Court on a the following pretrial motions: Plaintiff's Motion for Sanctions [93]; Plaintiff's Motion to Strike [94]; Defendant Watkins's Motion to Exclude [97]; Plaintiff's Motion to Censure [98]; Plaintiff's Motion for Separate Trials [99]; Defendant's Motion in Limine as to alleged retaliatory acts [101]; Defendant's Motion in Limine as to claims that have been dismissed [102]; Defendant's Motion in Limine regarding integrity of counsel for Defendants [103]; Defendant's motion regarding jury instructions [104]; Plaintiff's Motion to Amend/Correct Complaint [107]; and Plaintiff's Motion to Request Defendants to Produce [108]. The Court, having fully considered the parties' submissions and the applicable authority, finds as follows:

A. <u>Plaintiff's Motions</u>

Plaintiff is proceeding in this matter pro se and without the benefit of legal training. Her numerous motions are addressed in the order in which she filed them.

      1.      Plaintiff's "Motion to Apply all Sanctions Allowable by Law" [93] is DENIED. Plaintiff complains in this and other motions that defense counsel attached her confidential medical records to a docketed submission on CM/ECF in violation of Section 9 of the Administrative Procedures for Electronic Case Filing (Administrative Procedures). Her motion

cites a number of inapplicable code sections and rules of court (including the Mississippi Rules of Civil Procedure). Still, it does appear that certain materials were attached to a filing and were later sealed by Magistrate Judge James Sumner. The question becomes whether the conduct was sanctionable, and if so, in what form. The Administrative Procedures state in pertinent part as follows:

> Section 9. PRIVACY
> Attorneys are also advised to exercise caution when filing documents that contain the following:
>
> . . . .
>
> 2) medical records, treatment and diagnosis;
>
> Attorneys are strongly urged to share this notice with all clients so that an informed decision may be made about the inclusion of certain materials in court documents.
>
> Counsel and the parties are cautioned that failure to redact personal identifiers and/or the inclusion of *irrelevant* personal information in a pleading or exhibit filed electronically with the court *may* subject counsel to the disciplinary and remedial powers of the court, including sanctions pursuant to FED. R. CIV. P. 11.

(Emphasis added).

It is first important to note what Judge Sumner sealed. Document 85-2 is Defendant's expert designation of Dr. Mark C. Webb following his IME. The designation attached a report that included Dr. Webb's diagnosis which, according to Defendant, was inadvertently attached without redaction. Def.'s Resp. [95] at 2. Under the Administrative Procedures, sanctions "may" be appropriate only where attachments include personal identifiers or "irrelevant personal information." The sealed document did not include personal identifiers, and the information was directly relevant. Sealing or redacting the document initially would have been advisable.

2

However, the language of the Administrative Procedures does not suggest that failure to redact relevant medical information is sanctionable. The information was relevant, and under these circumstances, no sanctions are warranted. Sealing the documents was an appropriate remedy.

2. Plaintiff's "Motion to Strike Defendant's Expert Witness, Dr. Mark C. Webb's Oral Testimony and Written Medical Report" [94] is DENIED. Plaintiff again argues that Defendant violated her privacy rights. That portion of the motion is addressed above. She also contends that Dr. Webb should not testify because he allegedly misled Plaintiff by stating that some of the questions he posed "came directly from Judge Fallon." Pl.'s Mot. [94] at 3. The Court is not sure who "Judge Fallon" is, but Defendant has presented an affidavit from Dr. Webb stating that Plaintiff's assertions are untrue. Def.'s Resp. [106], Webb Aff. ¶ 5. Plaintiff has not presented a valid basis for striking this expert's opinion. It is not clear how the alleged comments would render his opinions unreliable, and whether he made the statements is a matter best handled by cross examination.

3. Plaintiff's "Motion to Censure and Reprimand Attorneys" [98] is DENIED. Plaintiff again raises issues found in other motions, but she adds that defense counsel should be censured for her characterization of Plaintiff's gestures during her deposition. The transcript demonstrates that defense counsel merely followed an age-old practice of describing physical movements for the record. Plaintiff's then-attorney clarified why Plaintiff made the described gestures, and the Court sees nothing suggesting the need for sanctions or censure.

4. Plaintiff's "Motion to Have the Following Cases Tried Separately and Apart" [99] is GRANTED. Plaintiff has filed a second lawsuit arising out of her employment with the Defendant. Evidence related to the second suit will not be admitted in the trial of this matter.

5. Plaintiff's "Motion to Amend the Plaintiff's Petition by Adding This Document to the Case File" [107] is DENIED. It is not clear to the Court why Plaintiff would need to amend the Complaint to add a document to the "case file." In any event, the motion failed to attach any such documents, the deadline to amend has passed, and Plaintiff has not demonstrated good cause to allow an amendment to the Complaint.

6. Plaintiff's "Motion to Request Defendants to Produce All Reserve Information and Request for Production of Documents from All Jackson Public School Defendants [108] is DENIED. Plaintiff's "motion" appears to be a request for production of documents, but the deadline for filing such a request expired more than a year ago. In addition, most of the arguments presented in her motion are not germane to the discovery request, and the information she seeks is not admissible pursuant to Federal Rules of Evidence 411.

B. Defendant's Motions[1]

1. Motion to Exclude Testimony of Dr. Faeza Jones and Ollie Carter [97] is GRANTED. Defendant's motion is the most recent motion seeking exclusion of evidence for Plaintiff's failure to participate in discovery. In it, they seek to exclude all testimony from or related to examinations or treatment of Plaintiff by Jones or Carter.

The discovery deadline in this matter was originally set for September 2008 but was twice extended. In October 2008, the Court entered an order [17] compelling Plaintiff to respond to past-due written discovery within fifteen (15) days. She did not, and on February 4, 2009, Defendant moved to dismiss [24] Plaintiff's suit for her failure to participate in discovery. The

---

[1]Plaintiff failed to respond to any of Defendant's motions which may therefore be granted as unopposed pursuant to Local Rule 7(b)(3)(E). However, the Court has thoroughly considered all motions and has ruled on the merits.

motion noted, *inter alia*, that Plaintiff failed to respond to written discovery; failed to provide pre-discovery disclosures; and failed to comply with the Court's October 2008 order [17]. Plaintiff was represented by counsel when all of these events took place.

On April 2, 2009, Defendants filed a motion to exclude certain witnesses [38] Plaintiff had identified for the first time in her deposition testimony. Defendant again repeated that Plaintiff had never provided pre-discovery disclosures or written discovery responses.

On May 29, 2009, the Court entered an order [65] reserving ruling on the motion to strike witnesses [38] because it was not clear whether any of the disputed witnesses would offer testimony relating to the only claim that survived summary judgment. In reaching these issues, the Court noted, "There is no dispute that Plaintiff failed to fully participate in discovery. She never produced prediscovery disclosures and never responded to Defendants' written discovery. The failure comes despite extensions of the discovery deadline and an order granting Defendants' motion to compel." Order [65] at 13 (citing Order [17]). However, the Court also observed that Plaintiff blamed her failures on her fragile medical/mental state and associated treatment, and therefore denied the motion to dismiss her entire case [24] while noting that a "lesser sanction regarding the undisclosed witnesses may be appropriate." *Id*. at 14. On December 17, 2009, this Court entered a second order [90] stating that the motion to strike had been taken under advisement and denying the motion without prejudice pending Plaintiff's identification of witnesses during the attorney conference required under the Local Rules. Defendant has now filed a third discovery-related motion seeking exclusion of expert testimony.

As noted in Defendant's motion [97], the deadline for Plaintiff to designate experts expired July 28, 2008. Plaintiff was represented by counsel when this deadline passed. Plaintiff

5

never designated any experts and never provided pre-discovery disclosures. On August 8, 2008, Defendants propounded standard written discovery, including a request for disclosure of expert witnesses. As noted above, Plaintiff failed to timely respond and failed to comply with an order compelling her responses. Finally, on March 2, 2009, nearly five months after the order compelling her responses, Plaintiff responded to discovery. With respect to the interrogatory seeking standard expert information, she stated "None at this time. Will supplement if we need experts." Plaintiff has never supplemented, but she has indicated her intent to call the two experts identified in Defendant's motion.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires the disclosure of expert testimony prior to trial. Specifically, the rule provides that, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Moreover, Local Rule 26(a)(2) states:

> A party must make full and complete disclosure as required by FED.R.CIV.P. 26(a)(2) and L.U.CIV.R. 26(a)(2)(D) no later than the time specified in the case management order. Absent a finding of just cause, *failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial.*

(Emphasis added). Treating physicians are experts. Local Rule 26(a)(2)(D). As such, Plaintiff was required to designate the two disputed witnesses. *Id.* While she was not required to provide a written report, she was required to "disclose the subject matter on which the witness is

6

expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify." *Id*. The deadline for designating witnesses passed just less than two years ago, trial is set to begin in three (3) business days, and no designations have been made. The Court does not find that the failure is substantially justified or harmless.

In addition to the applicable rules, the Fifth Circuit has explained that a trial court should weigh the following four factors when determining whether to exclude expert testimony for failure to designate: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (citations omitted).

First, Plaintiff failed to file a timely response to this motion. Second, the testimony may be important to one aspect of her damages case, but other categories of damages have been asserted, and the testimony will have no impact on her liability case. Third, Defendants would be prejudiced if these witnesses testified without providing the information that should have been produced long ago. Nevertheless, when an expert is struck as a sanction for failing to designate, "prejudice is not a strict requirement." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 509 (5th Cir. 1999), *superseded by statute on other grounds as noted in Mathis v. Exxon Corp*., 302 F.3d 448, 459 n. 16 (5 th Cir. 2002). Finally, a continuance is not appropriate. Plaintiff never designated, and she previously failed to participate in discovery. She also violated this Court's order that she respond to written discovery within fifteen days. To date, she has never supplemented her response that she would not call any expert witnesses. Striking the experts is

an appropriate sanction, especially in light of the lengthy continuances that have already occurred–the matter was originally set to be tried in March 2009.

The Court recognizes that Plaintiff now represents herself. However, she was represented by counsel until July 2009 (a full year after the designations were due). In addition, even if she had represented herself throughout, that would be no excuse for failing to comply with the rules of court. *See Indiana v. Edwards*, 554 U.S. 164, 128 S. Ct. 2379, 2392 (2008) (citations omitted) (noting that a pro se plaintiff must "comply with relevant rules of procedural and substantive law.").

For these reasons, the witnesses will not be permitted to testify and no reference may be made to any treatment or opinions they may have offered.[2]

2.   Defendant's motions in limine to exclude evidence of alleged retaliatory acts [101] and dismissed claims [102] are GRANTED IN PART. Defendant asserts that Plaintiff should be precluded from introducing "any testimony" regarding alleged retaliation until she lays a foundation that the alleged retaliator was aware of her complaint to the Equal Employment Opportunity Commission ("EEOC") [101]. Defendant further contends that no evidence should be allowed related to the dismissed sexual harassment and/or hostile work environment claims [102].

To be admissible, evidence must be relevant to an issue properly before the jury. Fed. R. Evid. 401, 402. In the context of a Title VII retaliation claim, Plaintiff must show "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and

---

[2]In addition to the reasons stated above, absent testimony from the witnesses, any comment regarding their statements would constitute inadmissible hearsay.

(3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). Protected activity is not limited to EEOC complaints and may include informal complaints to an employer in opposition to unlawful conduct. *Cavazos v. Springer*, No. B-06-058, 2008 WL 2967066, at *7 (S.D. Tex. Aug. 1, 2008). An adverse employment action is defined as one that "might have dissuaded a reasonable worker from making . . . a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

First, the Court grants Defendant's motion [101] to the extent that it seeks a proper foundation for any alleged retaliation. There must be a causal link between the protected activity and the adverse action. *Long*, 88 F.3d at 304. Conduct by those with no knowledge of the protected activity is not retaliatory, is not therefore relevant to any issue properly before the jury, and would invite unfair prejudice, delay, and confusion that substantially outweigh whatever limited probative value may exist. Fed. R. Evid. 401, 402, 403. The Court notes, however, that this link may be established with direct or circumstantial evidence.

Second, the dismissed claims are not properly before the jury. Any evidence related to the specifics of those claims is not relevant to this case and would invite unfair prejudice, delay and confusion. *Id*.

However, Defendant's motions would go too far if taken to their logical conclusions. As explained in the Court's prior orders [65, 73], there is some overlap between the evidence supporting the sexual harassment/hostile work environment claims and the retaliation claim. Accordingly, while Plaintiff may not assert that she was sexually harassed, she may introduce evidence of alleged conduct that is relevant to whether she suffered an adverse employment

9

action.  In other words, she may offer evidence of acts taken against her that she contends "might have dissuaded a reasonable worker from making . . . a charge of discrimination."  *White*, 548 U.S. at 68.  However, the conduct must have occurred *after* she engaged in protected activity because conduct before that date is not relevant and will not be admitted pursuant to Rules 402 and 403.  *See*, *e.g.*, *Watkins v. Tex. Dep't of Criminal Justice*, 269 F. App'x 457, 462 (5th Cir. 2008) ("Any alleged adverse employment actions prior to that date cannot serve as part of a retaliation claim because there was nothing to retaliate against.").  Finally, Plaintiff must prove protected activity and thus must be allowed to inform the jury that she made complaint(s) of sexual harassment.  This does not mean that the details of the complaint(s) will be disclosed.  Rather, she will be permitted to offer evidence that she complained.

3. Defendant's Motion In Limine Regarding Integrity of Counsel [103] is GRANTED.  Alleged conduct of counsel in the course of this litigation is neither relevant nor admissible.  Fed. R. Evid. 401, 402, 403.

4. Defendant's Motion for Instruction on Dismissed Claims [104] is DENIED without prejudice.  To the extent this motion seeks an instruction, the Court will consider all submitted instructions at the charge conference.  This motion also seems to overlap with Defendant's motion in limine [102].  However, it goes one step further, suggesting that only evidence of the transfer of employment is admissible.  As noted above, adverse employment actions in the context of this case include any conduct occurring after the protected activity by someone with knowledge of the protected activity that might dissuade someone from making a complaint.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2010.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE