UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PEARL L. JOHNSON                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:07CV621 DPJ-FKB

EARL WATKINS                                                                       DEFENDANT

ORDER

This cause is before the Court on several motions related to Defendant's motion for a

new trial and motion for judgment as a matter of law.

I.       Analysis

In two separate filings, Plaintiff seeks an extension of time to file her response to

Defendant's motion for a new trial/judgment as a matter of law.  Defendant filed his post-trial

motions on July 26, 2010.  Plaintiff never responded, but the Court entered a sua sponte order

giving her additional time until November 15.  Plaintiff then claimed that she never received the

motions, and the Court granted her another extension until December 15, 2010.  Plaintiff then

filed two additional motions seeking additional time to respond.  While the Court is mindful of

the fact that Plaintiff is proceeding *pro se*, it is imperative that briefing be completed on

Defendant's motion.  Plaintiff's requests [152, 154] are **granted**, but **no further extensions will**

**be granted**.  Plaintiff's response to Defendant's motion for a new trial/judgment as a matter of

law is due **FEBRUARY 18, 2011.**  Likewise, Plaintiff's motion to stay consideration of

Defendant's motion for new trial/judgment as a matter of law [159] is **denied**.

In her December 10 filing, Plaintiff requested a copy of the jury instructions from the

trial of this matter.  The Court notes that a copy of these instructions were provided to Plaintiff at

trial.  But the Court will provide a copy of the instructions to Plaintiff again by attaching a copy

to this Order.  Plaintiff's request for a copy of the jury instructions [153] is **granted**.

        In her December 23 filing, Plaintiff also asked that "all written correspondences be

forwarded to the Plaintiff's physical address."  Plaintiff provided the Clerk's Office with her

P.O. Box mailing address, so all filings are sent to that P.O. Box address.  If she wishes to have

filings sent to a different address, she must file a notice of change of mailing address with the

Clerk's Office.  No motion is necessary.  Plaintiff's request [157] is **considered moot**.

        In her December 30 filing, Plaintiff asked the Court to provide copies of the transcripts of

the witnesses' trial testimony at no cost, citing her limited financial resources.  Plaintiff has not

presented any rule or statute which provides for transcripts at no charge.  Plaintiff is not

proceeding *in forma pauperis* in this action, and even if she was, the Court is unaware of any

authority allowing for trial transcripts at no charge in the absence of an appeal.  *See Toliver v.*

*Cmty. Action Com'n to Help the Econ., Inc., CACHE*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985)

(denying *in forma pauperis*,  *pro se* Title VII plaintiff's request for a trial transcript at public

expense and noting "the absence of any statutory authority to provide a transcript to plaintiff

prior to an appeal of the case") (citing 28 U.S.C. § 753(f) (allowing for payment of transcripts

for litigants on appeal *in forma pauperis*); *Romero Barcelo v. Brown*, 655 F.2d 458, 462 (1st

Cir.1981) ("The district court's refusal to authorize payment for the transcripts by the United

States, if such a refusal has in fact occurred, was by no means beyond its power; indeed, the

court appears rather clearly to lack power to direct such a payment in the absence of an

appeal.");  *McClure v. Salvation Army*, 51 F.R.D. 215, 216 (N.D. Ga.1971) (denying *in forma*

*pauperis*, *pro se* Title VII plaintiff's request for hearing transcript without charge and noting

"there appears to be an abundance of authority that a copy of a transcript in a civil action is not to be furnished at government expense")).  Plaintiff's request for transcripts at no cost [158] is **denied**.

Finally, Plaintiff filed a motion for leave to "present evidence in ex parte in camera review filing and to preserve evidence" [160] and a related motion for leave "to request production of Defendant's privilege log" [161] on January 27, 2011.  In this most recently filing, Plaintiff appears to claim that she has new evidence of pretext.  Although the Court cannot presently determine how this new evidence could be considered in opposition to Defendant's motion for a new trial, if Plaintiff believes the Court should consider such evidence, then Defendant is entitled to see it.  It should be presented along with her response to Defendant's motion.  If the material somehow qualifies as confidential information under Local Rule 79, then leave is granted to file the evidence under seal.  In short, Plaintiff has not sufficiently explained why Defendant should not be allowed to see the subject evidence or demonstrated the need for ex parte review.  The Court finds her motion [160] should be **denied**.

Similarly, Plaintiff's motion for leave "to request production of Defendant's privilege log" [161] is also **denied**.  Plaintiff attached a copy of Defendant's privilege log to her motion for leave to present evidence ex parte [160], so it is unclear what relief she is seeking in this motion.  To the extent this request is tied to her motion for leave to present evidence ex parte, as explained above, any evidence Plaintiff wishes to bring to the Court's attention should be included in her response.

II.      Conclusion

Plaintiff's responses to Defendant's motions were originally due in August 2010. The Court has been generous in granting extensions (the first of which was granted sua sponte), but no further delay will be allowed. Plaintiff must file her responses no later than February 18, 2011. Failure to do so will result in appropriate sanctions.

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE