UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PEARL JOHNSON                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:07-cv-621-DPJ-FKB

EARL WATKINS                                                                                   DEFENDANT

ORDER

This cause is before the Court on Plaintiff Pearl Johnson's "Motion to Appeal the Decisions Renered[sic] by Judge Jourdan[sic] Denying the Plaintiff's Motions for Leave to Amend Her Petition and Produce Documents in Defense of Her Verdict.[sic]  The Plaintiff Asks the Court to Reconsider Its Decision" ("Motion to Reconsider") [172] and her "Motion to Add an Attachment to Plaintiff's Motion to Appeal Judge Jourdan's [sic] Orders [sic] Denying the Plaintiff's Motion to Amend Her Original Motion in Opposition of Defendants [sic] Motions for Judgment as a Matter of Law and Motion for a New Trial.  Motion to Produce Documents in Support of Plaintiff's Defense [173] ("Motion to Add Attachment").[1]  The Court, having reviewed Johnson's Motions and the applicable law, finds that they should be denied.

I.      Motion to Reconsider [172]

    A.      Order on Motion to Produce Documents

Johnson attached thirty-eight (38) exhibits to her Response to Defendant Jackson Public School's ("JPS") post-trial Motions for Judgment as a Matter of Law or New Trial [125, 126], Thirty (30) of those exhibits were never offered into evidence at trial, and some were not included in the Pretrial Order.  As stated in the Order [168] for which Johnson seeks

---

[1] Although Johnson's Motion to Reconsider is titled a "Motion to *Appeal,*" the Court discerns that the motion is not an appeal, but rather a request for reconsideration and will be treated as such.

reconsideration, the issues must be decided based on the record evidence. Johnson's Motion to Produce and Motion to Reconsider fail to demonstrate that the additional documents were unavailable to Johnson at the time of trial or were newly discovered. Johnson's Motion to Reconsider on this issue is denied.[2]

      B.      Order on Motion to Amend Plaintiff's Response to JPS's Pending Motions

Johnson remains confused regarding her right to amend her response to the pending motions. She seems to believe that her response is a "petition" and that under some unidentified rule, she may freely amend. But as explained in the Order [168] denying Johnson's Motion to Amend, there is no automatic right to amend a response to a motion. Moreover, Johnson was given ample time to respond, having done so some seven months after JPS filed its motions. None of this has changed, and there is no need for reconsideration.

The Court also denied Johnson's Motion to Amend because it "fails to identify the 'information' she wishes to add or whether this 'information' could constitute 'newly discovered' material." Order [168]. While Johnson does explain in her Motion to Reconsider that the current Response [165] is a first draft which includes "computer error" and was drafted while she was ill, these explanations do not address the substance of Johnson's proposed amendments. Motion to Reconsider [172].

Also inapposite is Johnson's fall in the Office of the Clerk of the Court when she hand-

---

[2] Due to extreme difficulty in obtaining a proper Pretrial Order, the Court took the unusual step of ordering the parties to jointly prepare a Pretrial Order during a lengthy conference with Magistrate Judge Ball. With Judge Ball's personal participation, the parties reviewed the exhibits and eventually generated an exhibit list that was memorialized in the Pretrial Order. With that level of court intervention, the undersigned did not allow the parties to introduce exhibits not listed in the Pretrial Order. Plaintiff's present motions demonstrate why this approach was necessary. Even after trial, she has attempted to bolster her case with additional documents that have been in her possession.

delivered her Response.  The Court was apprised of the resulting disorganization to the arrangement of Johnson's Response, and therefore permitted Johnson to come back to the Clerk's Office and correctly arrange the pages of her Response.  Johnson did not immediately return as requested, but she did appear four days later to reorganize her Response before it was electronically filed.  In any event, the Court will consider all arguments in her submission regardless of the order they are presented.

II.     Motion to Add Attachment [173]

This pleading merely recounts Plaintiff's unsuccessful efforts to get JPS's attorneys to agree to her request to amend her response.  The Court will consider that information, to the extent it demonstrates that the motion is opposed.  The motion also seeks a hearing which is not granted as of right and is not necessary in this context. *See* Local Uniform Civil Rule 7(b)(6)(A).


Based on the foregoing, Plaintiff's motions [172, 173] are denied.


**SO ORDERED AND ADJUDGED** this the 21th day of March, 2011.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE